J-S14027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DONALD PORTER | : | |
| | : | |
| Appellant | : | No. 274 EDA 2018 |

Appeal from the Judgment of Sentence August 10, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004047-2011

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                        **FILED MAY 10, 2019**

Appellant Donald Porter appeals from the judgment of sentence entered after the trial court resentenced him for his conviction of robbery—threat of immediate serious injury.[1]  Appellant's counsel has filed a petition to withdraw and an **_Anders_**/**_Santiago_**[2] brief.   We affirm and grant the petition to withdraw.

The facts underlying Appellant's convictions are well known to the parties and need not be restated in detail in this appeal.  Briefly, on July 9, 2010, at approximately 3:00 a.m., Appellant approached the victim as the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] **_Anders v. California_**, 386 U.S. 738 (1967); **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

victim was walking through a playground. Appellant pointed a gun at the victim and ordered him to "give it up." When the victim asked what he was supposed to give up, Appellant demanded money. The victim attempted to grab the gun from Appellant's hands. The gun fired during the struggle and the victim was struck in his left thumb, third, fourth, and fifth fingers. The victim underwent surgery to repair the ligaments in his hand, but his hand lost some of its functions.

Appellant was charged with robbery, as well as possession of a firearm prohibited, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possessing an instrument of crime.[3] A jury found Appellant guilty of the foregoing offenses. On June 14, 2013, the trial court sentenced Appellant to an aggregate term of twelve to twenty-four years' imprisonment. Specifically, the court sentenced Appellant to a mandatory minimum sentence of five to ten years' incarceration for robbery based on 42 Pa.C.S. § 9712 (sentences for offenses committed with firearms). The court also imposed consecutive sentences of four to eight years' incarceration for persons not to possess firearms and three to six years' incarceration for carrying a firearm without a license. The trial court imposed no further penalty for carrying a firearm in Philadelphia or possessing an instrument of crime.

Appellant filed a direct appeal challenging the discretionary aspects of his sentence, arguing, in part, that the aggregate sentence was manifestly

---

[3] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108, and 907(a), respectively.

excessive. This Court affirmed Appellant's judgment of sentence on August 19, 2014. *See Commonwealth v. Porter*, 2324 EDA 2013 (Pa. Super. filed Aug. 19, 2014) (unpublished mem.). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on January 7, 2015. *See Commonwealth v. Porter*, 106 A.3d 725 (Pa. 2015).

Appellant filed a Post Conviction Relief Act[4] (PCRA) petition on December 17, 2015, asserting that the mandatory minimum sentence for his robbery conviction was illegal under *Alleyne v. United States*, 570 U.S. 99 (2013) and *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014). The PCRA court appointed counsel, who filed an amended PCRA petition on November 15, 2016. The Commonwealth agreed that Appellant should be resentenced, and the trial court resentenced Appellant for robbery on August 10, 2017.

At the resentencing hearing, the trial court again imposed a sentence of five to ten years' imprisonment for robbery. The court reasoned:

> The only issue before the [c]ourt was resentencing on the robbery charge, because as you pointed out very intelligently, that that sentence had to be vacated and had to be resentenced because of the changes with the [*Alleyne*] case. So we're here really on that. So in imposing a sentence, the [c]ourt takes into account -- aside from everything everyone said, the [c]ourt takes into account everything that was said at the time of the trial, the time of the sentencing in the past[, which included a presentence investigation (PSI)]. The [c]ourt takes into account the need to protect the community, the gravity of the offense's impacts upon the victim, and your rehabilitation needs. And the [c]ourt

---

[4] 42 Pa.C.S. §§ 9541-9546.

appreciates everything that has been said about you being a changed person, etcetera. And that it's helpful to always move in the direction of being a model citizen in society. And it looks like you're working in doing that.

Obviously, with the opportunity to resentence on robbery, the [c]ourt has a wide range. The [c]ourt could go below the sentence or the mandatory ranges, as [Appellant's counsel] really would-- and your family and yourself would like the [c]ourt to do. Otherwise, you wouldn't be here. The [c]ourt can give the same sentence, because it's right within the standard range or the [c]ourt can apply the deadly weapon possessed guideline which is even higher than the sentence the [c]ourt had imposed. The [c]ourt has free range to do any of those three things. [5]

So I know the Commonwealth has not asked for the [c]ourt to impose the deadly weapon possessed [enhancement]. They haven't asked directly, but I think a fair reading of the argument of [the Commonwealth] is they've--they've really asked implicitly. So and the [c]ourt appreciates that, but balancing that implicit request is the fact--is all the work that you've done . . . . So when I consider everything, there's no need to make any changes at all with the sentence.

So in considering all of the factors the [c]ourt has mentioned, the [c]ourt will impose a sentence in the standard range of five to 10 years on the robbery. That will run consecutive to the four to eight years on the 6105 charge, the three to six years on the 6106 charge. So the total sentence will remain as it was before of 12 to 24 years.

Sentencing Hr'g, 8/10/17, at 28-30.

---

[5] At the resentencing hearing, Appellant's counsel represented that the standard range minimum sentence applicable to the robbery charge was forty-eight to sixty months, plus or minus twelve months. N.T., 8/10/17, at 7; **see also** Sentencing Guidelines, 6th ed. revised (eff. Dec. 5, 2008) (Guidelines). The deadly weapon possessed enhancement called for a minimum sentence between fifty-seven and sixty-nine months. **See** N.T., 8/10/17, at 8. The Commonwealth noted that the deadly weapon used enhancement could also apply. **Id.**; **see also** Guidelines (indicating that the deadly weapon used enhancement called of a minimum sentence between sixty-six and seventy-eight months).

Appellant filed a post-sentence motion asserting that the sentence was excessive.[6]  *See* Post-Sentence Mot., 8/10/17, at 3.  Appellant's post-sentence motion was denied by operation of law on January 16, 2018.

Appellant's counsel filed the instant direct appeal on January 19, 2018. The trial court entered an order requiring Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days.  Counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4) indicating his intent to file an *Anders* brief in lieu of a statement of matters complained of on appeal.  The trial court did not file an opinion pursuant to Pa.R.A.P. 1925(a).[7]

On appeal, Appellant's counsel has filed a petition to withdraw and an *Anders*/*Santiago* brief.  We note that we may not review the merits of the underlying issues without first examining counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).  Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined

---

[6] Specifically, in his post-sentence motion, Appellant suggested that the sentence was excessive "in recognition of his age, mental health disabilities, rehabilitation to date, completion of programs offered to him at his facility, maturation since his arrest, continued familial support, and nearly unblemished record over the past seven and one-half years in correctional facilities."  *See* Post-Sentence Mot., 8/10/17, at 3.

[7] Where counsel files a Rule 1925(c)(4) statement of intent to file an *Anders* brief, "a trial court opinion is not necessary."  *Commonwealth v. McBride*, 957 A.2d 752, 758 (Pa. Super. 2008).

that the appeal would be frivolous; (2) providing a copy of the brief to Appellant; and (3) advising Appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that Appellant considers worthy of the court's attention. ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1195-96 (Pa. Super. 2018) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); ***accord Yorgey***, 188 A.3d at 1197.

Counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his rights, and supplying Appellant with a copy of the ***Anders***/***Santiago*** brief. ***See id.*** at 1195-96. Moreover, counsel's ***Anders***/***Santiago*** brief complies with the requirements of ***Santiago***. Counsel includes a summary of the relevant

factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. Counsel explains his reasoning and supports his rationale with citations to the record and pertinent legal authority. Thus, counsel has complied with the technical requirements for withdrawal, *see Santiago*, 978 A.2d at 361, and we will independently review the record to determine if any non-frivolous issues are raised. *See Flowers*, 113 A.3d at 1250.

Counsel identifies one issue in the *Anders*/*Santiago* brief, which focuses on the discretionary aspects of Appellant's sentence. Specifically, counsel indicates that Appellant intends to argue that the court's decision to resentence him to the same sentence for robbery constituted an excessive sentence. *Anders*/*Santiago* Brief at 35. Counsel notes that a prior panel rejected similar arguments that the aggregate sentence was excessive. *Id.* at 33. Appellant did not file a *pro se* response or a counseled response through new counsel.[8]

An appeal challenging the discretionary aspects of sentencing is not an appeal as of right. *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016). Appellant must meet the requirements that the appeal was timely, the issues were preserved, and that his brief contains a concise

---

[8] This Court previously granted Appellant's requests for extensions of time to respond to the *Ander*/*Santiago* brief. In the most recent order, we directed that Appellant file a response by April 10, 2019, and that no further extensions would be granted absent a showing of extraordinary circumstances. *See* Order, 3/11/19.

statement of the reasons relied upon for allowance of appeal. *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006). An appeal challenging the discretionary aspects of a sentence must also raise a substantial question that the sentence imposed was not appropriate under the Sentencing Code. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted).

Instantly, Appellant has preserved his intended challenge to the excessiveness of the sentence by filing a timely post-sentence motion and filing a timely appeal. Additionally, the *Anders*/*Santiago* brief includes a concise statement of the reasons relied upon for allowance of appeal. *See* Pa.R.A.P. 2119(f). Therefore, we proceed to consider whether this appeal raises a substantial question.

A substantial question "exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Bynum-Hamilton*, 135 A.3d at 184 (citation omitted). "Generally, a bald excessiveness claim does not raise a substantial question." *Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015) (citation omitted).

Following our review, we agree with counsel's assessment that Appellant's intended issue is frivolous. A boilerplate claim that the trial court imposed an excessive sentence does not raise a substantial question. *See id.*

Even assuming the existence of a substantial question, this Court, as noted by counsel, previously rejected Appellant's prior challenge to the identical aggregate sentence. Furthermore, our review of the record confirms that the trial court expressly considered Appellant's mitigating circumstances and rehabilitative needs when resentencing Appellant to five to ten years' imprisonment for robbery. **See** N.T. at 28-30. We see no further basis to conclude that the sentence was clearly unreasonable.[9] Therefore, Appellant's intended claim that the trial court abused its discretion when re-imposing a five to ten year sentence of incarceration for robbery lacks support in the record.

Accordingly, we agree with counsel's assessment that the issue identified for appeal is frivolous. Having independently reviewed the record, we discern no other non-frivolous issues that have been preserved for review. **See Flowers**, 113 A.3d at 1250.

Judgment of sentence affirmed. Petition to withdraw granted.

---

[9] Where a sentence is imposed within the guidelines, we may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S. § 9781(d), which include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant." 42 Pa.C.S. § 9781(d)(1). Reasonableness is also based upon the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b), including that the sentence imposed is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. **See Commonwealth v. Baker**, 72 A.3d 652, 663 (Pa. Super. 2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/19